IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2022 JUN 21  P 3: 07

CLERK_____
SO. DIST. OF GA.

```
CALVIN JAMES,                      *
                                   *
        Plaintiff,                 *
                                   *
        v.                         *         CV 421-296
                                   *
CITY OF SAVANNAH, U.S. DISTRICT    *
COURT OF SAVANNAH, GEORGIA, CITY   *
OF SAVANNAH CITY COUNSEL, and      *
MAYOR                              *
                                   *
        Defendants.                *
```

O R D E R

Plaintiff filed this lawsuit while incarcerated at the Federal Correctional Complex in Coleman, Florida. (Compl., Doc. No. 1, at 2.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may

be granted, or if it seeks monetary relief from a defendant who is immune to such relief.   See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I.   BACKGROUND

Plaintiff alleges that he sent three letters to local officials including the Mayor of Savannah and City Council members "implying" that he would like to begin an investigation on the "malicious conduct" of the United States District Court in Savannah, Georgia for "violations of local and state ordinances of a governing entity within their jurisdiction." (Doc. No. 1, at 1.)  The City Council and Mayor failed to respond to his letters, so he requests sanctions which "prohibit the City Council from not formulating investigation or responding to investigation requests," and penalties for any obstructive behavior from officials. (Id. at 2.)  Plaintiff also failed to pay the filing fee and never responded to the Clerk's Notice of Deficiency regarding the same. (See Doc. No. 2).  For this reason alone, Plaintiff's Complaint should be dismissed. See 28 U.S.C. 28 U.S.C. § 1914. However, notwithstanding the deficiency, the Court reviews the merits of Plaintiff's Complaint and determines that Plaintiff's claims are frivolous as a matter of law because the named Defendants are immune from suit and because Plaintiff seeks

2

to pursue an "indisputably meritless legal theory."  See Neitzke v. Williams, 490 U.S. 319, 327 (1989); 28 U.S.C. § 1915(e).

## II.  LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure

3

does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

Plaintiff names the City of Savannah, the U.S. District Court, the Savannah City Council, and the Savannah Mayor as Defendants, though he does not attribute wrongdoing to any defendant independent of the others or state a coherent cause of action against them under any statutory rubric. Instead, Plaintiff claims

4

no one responded to letters he wrote to Defendants regarding his plight.

First, the United States District Court is not an entity subject to suit under any statute relevant to Plaintiff's Complaint. Section 1983 has no application to the actions of the federal government or its officers acting under color of federal law but is instead confined to deprivations under color of *state law*. See 42 U.S.C. § 1983 (subjecting only those persons who act under color of state law to liability); Mack v. Alexander, 575 F.2d 488, 489 (5th Cir. 1978) (Section 1983 "provide[s] a remedy for deprivation of rights under color of state law and do[es] not apply when the defendants are acting under color of federal law"); Rodriguez v. Ritchey, 556 F.2d 1185, 1189 n.13 (5th Cir. 1977) (overruled on other grounds by Malley v. Briggs, 475 U.S. 335 (1986) ("Section 1983, however, does not apply to the actions of the federal government."). Not only is the District Court not a "person" as contemplated by Section 1983, but it is also likely immune from suit as a branch of the federal government. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); see also Newsome v. E.E.O.C., 301 F.3d 227, 233 (5th Cir. 2002) (holding that the United States and its officials are entitled to sovereign immunity for civil rights claims because United States has not consented to suit).

Second, Plaintiff has not pleaded facts consistent with any Bivens style claim.  In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized a cause of action under the Fourth Amendment search and seizure clause.  Since then, Bivens has been extended only twice more.  See Davis v. Passman, 442 U.S. 228 (1979) (extending Bivens to a gender discrimination claim under the due process clause of the Fifth Amendment); and Carlson v. Green, 446 U.S. 14 (1980) (extending Bivens to cover a deliberate indifference claim under the Eighth Amendment's cruel and unusual punishment clause).  The Supreme Court has not recognized new implied damages remedies under Bivens in decades, most recently refusing to do so in its examination of Egbert v. Boule, --- S. Ct. ---, 2022 WL 2056291, at *9 (June 8, 2022).  Even where a Bivens claim exists, it applies to federal employees only in their individual capacities.  See Ziglar v. Abbasi, -- U.S. --, 137 S. Ct. 1843, 1860 (2017) ("[A] Bivens claim is brought against the individual official for his or her own acts, not the acts of others."); Iqbal, 556 U.S. at 676 (noting that in a Bivens suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  Furthermore, even if Plaintiff had brought a valid constitutional claim against an individual associated with the Federal Court, they would likely be immune from suit.  Bolin v. Story, 225 F.3d 1234, 1241 (11th

Cir. 2000) (holding that the doctrine of absolute judicial immunity serves to protect federal judges from injunctive relief as well as money damages in a _Bivens_ action). Thus, Plaintiff has failed to state a claim against the U.S. District Court.

As to the other Defendants and any other type of relief Plaintiff requests, his complaint is completely devoid of any substantive allegations. Plaintiff fails to even mention the Defendant City of Savannah at all in his factual recitation. Further, he merely states that the individuals on the City Council failed to respond to his letters. These vague and conclusory allegations fail to state a claim under any law. Bare characterizations of a defendant's conduct as unlawful are "'legal conclusion[s]' and, as such, . . . not entitled to the assumption of truth." _Iqbal_, 556 U.S. at 680 (quoting _Twombly_, 550 U.S. at 555).

The Court will not infer a constitutional claim based on Plaintiff's bare allegations. _See_ _GJR Investments, Inc. v. County of Escambia, Fla._, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of _pro se_ litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action . . . .") (internal citations omitted). Thus, although ordinarily a "prisoner must be given an opportunity to amend his Complaint," _Brown v. Johnson_, 387 F.3d 1344, 1349 (11th Cir. 2004), amendment

7

here would be futile, and Plaintiff's claims must be dismissed. See <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

## IV.   CONCLUSION

For the reasons explained above, Plaintiff has failed to raise any arguably viable claims in his Complaint.  Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED**.  The Clerk is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of June, 2022.

UNITED STATES DISTRICT JUDGE